# UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH DAKOTA
### NORTHERN DIVISION

| | |
|---|---|
| RONALD SATISH EMRIT,<br><br>Plaintiff,<br><br>vs.<br><br>STEVE BARNETT, Secretary of State of South Dakota; THE DEMOCRATIC PARTY OF SOUTH DAKOTA,<br><br>Defendants. | 1:17-CV-01027-CBK<br><br><br><br>ORDER |

## BACKGROUND

Plaintiff filed a *pro se* lawsuit in this Court on October 12, 2017, pursuant to 42 U.S.C. § 1983 alleging that his constitutional rights were violated when defendants refused to place him on the ballot for the primary and general presidential election in 2016. Plaintiff filed an amended complaint on November 15, 2017, and a second amended complaint on December 11, 2017, alleging equal protection and substantive due process claims under the Fifth and Fourteenth Amendments, as well as Title VII of the Civil Rights Act of 1964. Plaintiff argues, specifically, that because he is a disabled, African-American man, it is a violation of his constitutional rights to exclude him from placement on an election ballot for failure to obtain the number of petitions (containing the required number of signatures) under South Dakota law. Plaintiff claims that he should have been given notice and a hearing regarding his failure to be placed on the primary and general presidential election ballots. He seeks $250,000 in damages and an injunction requiring

defendants to place him on these ballots. He alleges that his claim is not moot as he intends to run for president in 2020.

Plaintiff filed an immediate appeal of his case to the United States Court of Appeals for the Eighth Circuit following filing of his second amended complaint. I granted plaintiff's request to proceed without the prepayment of the filing fee and declined to certify plaintiff's appeal in separate orders on March 27, 2018. In my decision declining to certify plaintiff's appeal, I noted that no appealable order had yet been entered in this matter. The Eighth Circuit dismissed plaintiff's appeal for failure to prosecute on June 4, 2018.

In an order granting plaintiff's request to proceed without the prepayment of the filing fee, this Court, lacking jurisdiction as a result of plaintiff's appeal, declined to conduct the preservice review required by 28 U.S.C. § 1915. At this juncture, this Court should dismiss plaintiff's complaint in accordance with the screening procedures set forth in 28 U.S.C. § 1915(e)(2).

## I.    Standard of Review

Suits brought in forma pauperis are subject to a two-step screening process, which first requires the plaintiff to demonstrate financial eligibility to proceed without prepayment of fees. Martin-Trigona v. Stewart, 691 F.2d 856, 857 (8th Cir. 1982); see e.g., Lundahl v. JP Morgan Chase Bank, 2018 WL 3682503, *1 (D.S.D. 2018). This Court has already granted plaintiff's motion to proceed in forma pauperis.

The second step of the in forma pauperis screening process requires a district court to determine whether a pro se civil action should be dismissed as "frivolous, malicious, or fail[ing] to state a claim upon which relief may be granted" or for "seek[ing] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); Martin-Trigona, 691 F.2d at

857; *see also* Lundahl, at *1. Pro se complaints must be liberally construed. Erickson v. Pardus, 551 U.S. 89, 94 (2007); *see also* Native Am. Council of Tribes v. Solem, 691 F.2d 382 (8th Cir. 1982). Notwithstanding its liberal construction, a pro se complaint may be dismissed as frivolous "where it lacks an arguable basis either in law or in fact;" that is, where the claim is "based on an indisputably meritless legal theory" or where, having "pierce[d] the veil of the complaint's factual allegations," the court determines those facts are "fantastic or delusional." Neitzke v. Williams, 490 U.S. 319, 325, 327–28 (1989) (internal citations omitted); *see also* Denton v. Hernandez, 504 U.S. 25, 33 (1992).

## II.    Plaintiff's Constitutional Claims Should be Dismissed

Plaintiff filed virtually identical claims in multiple jurisdictions in the United States, all of which were dismissed pursuant to the screening process required by 28 U.S.C. § 1915(e)(2). *See, e.g.*, Emrit v. Denney, 2018 WL 1865159 (D. Idaho 2018); Emrit v. Dunlap, 2018 WL 1321567 (D. Me. 2018); Emrit v. Sec. of Hawaii, 2018 WL 264851 (D. Hawai'i 2018); Emrit v. Simon, 17-cv-04605 SRN-SER (D. Minn. 2017); Emrit v. Wyoming Sec. of State, 2:17-cv-00174-SWS (D. Wyo. 2017); Emrit v. Johnson, 2:17-cv-13337 GCS-RSW (E.D. Mich. 2017); and Emrit v. Lawson, 2017 WL 4699279 (S.D. Ind. 2017). This Court should similarly dismisses plaintiff's claims as patently frivolous.

Plaintiff's Title VII claim, as alleged on page 22 of his complaint, should be dismissed: plaintiff has not alleged discrimination by an employer such as to satisfy the *prima facie* requirements of such a claim. Title VII states that "[i]t shall be an unlawful employment practice for an employer . . . to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or

national origin." 42 U.S.C. § 2000e–2(a)(1). Plaintiff does not even allege that he is employed, let alone that he is employed by any entity in South Dakota.

The claim for damages against the Secretary of State in his official capacity should also be dismissed. Where a complaint "does not specifically name the defendant in his individual capacity, it is presumed he is sued only in his official capacity." <u>Baker v. Chisom</u>, 501 F.3d 920, 923 (8th Cir. 2007). A claim brought against a state official in his or her official capacity is treated as a suit against the state or political subdivision itself. <u>Kentucky v. Graham</u>, 473 U.S. 159, 165 (1985). State officials may only be sued in their official capacity for injunctive relief, not for damages. <u>See</u> <u>Arizonans for Official English v. Arizona</u>, 520 U.S. 43, 69 n.24 (1997); and <u>Will v. Michigan Dept. of State Police</u>, 491 U.S. 58, 71 n.10 (1989). Damages against the South Dakota Secretary of State are therefore unavailable pursuant to the claims brought by plaintiff.

South Dakota requires any candidate for nonjudicial public office who is not nominated by a primary election to file a certificate of nomination with the Secretary of State signed by "not . . . less than one percent of the total combined vote cast for Governor . . . ." SDCL 12-7-7. "Every state has these types of ballot access laws." <u>Emrit v. Lawson</u>, 2017 WL 4699279, *2 (S.D. Ind. 2017). Rather than challenging the number of signatures required for placement on the primary or general presidential election ballots or any other specific requirement, plaintiff appears to challenge the requirement of having to submit any signatures at all with his certificate of nomination. The Eighth Circuit has specifically upheld South Dakota's signature requirement against challenges based on equal protection grounds. <u>Walker v. Gant</u>, 505 Fed.Appx. 856, 856 (8th Cir. 2015). Indeed, states possess a broad regulatory authority to prescribe the conduct of elections. <u>Green Party of Arkansas v. Martin</u>, 649 F.3d 675, 680 (8th Cir. 2011). This includes the

4

right to require candidates to make a preliminary showing of substantial support in order to be placed on a ballot. <u>Anderson v. Celebrezze</u>, 103 S.Ct. 1564, 1569-70 (1983). A state is, moreover, not "guilty of invidious discrimination" in providing "different routes to the printed ballot" for political parties with "historically established broad support" in contrast to newcomers. <u>Jenness v. Fortson</u>, 91 S.Ct. 1970, 1976 (1971).

Plaintiff's due process claims similarly fail. Analysis of a claim for either substantive or procedural due process "must begin with an examination of the interest allegedly violated." <u>Singleton v. Cecil</u>, 176 F.3d 419, 424 (8th Cir. 1999) (internal citations omitted). The possession "of a protected life, liberty, or property interest" is a "condition precedent" to any due process claim. *Id.* (internal citations omitted). Where "no such interest exists, there can be no due process violation." *Id.* Plaintiff has alleged no protected interest here. There is no fundamental right to candidacy. <u>Emrit v. Denney</u>, 2018 WL 1865159, *4 (D. Idaho 2018). Rather, "the existence of barriers to a candidate's access to the ballot does not of itself compel close scrutiny." <u>Clements v. Fashing</u>, 102 S.Ct. 2836, 2843 (1982).

Finally, plaintiff also fails to state a claim against the South Dakota Democratic Party as he alleges no facts from which one could reasonably conclude that the South Dakota Democratic Party acted under color of state law. As noted by the District of Maine in its decision adjudicating an analogous suit by plaintiff filed there, "[p]olitical parties are private parties, and "[p]rivate parties are largely unrestrained by the constitution." <u>Emrit v. Dunlap</u>, 2018 WL 1321567, *6 (D. Me. 2018) (internal citations omitted). A private party may be held liable as a state actor; however, such liability "require[s] joint action or conspiracy with state authorities." <u>Carlson v. Roetzel & Andress</u>, 552 F.3d 648, 651 (8th Cir. 2008). Plaintiff has pled no facts to suggest that the South

Dakota Democratic Party engaged in any conduct as it pertains to plaintiff, or that it committed any action that could be construed as state action. The South Dakota Secretary of State regulates access to primary and general election ballots, not the political parties. SDCL 12-7 *et seq.*

## III.    Conclusion

Plaintiff has "a long history of filing civil litigation in other districts and has been barred from filing in several of them." Emrit v. Lawson, *3 (S.D. Ind. 2017) (collecting cases). As noted above, plaintiff has filed identical claims to those stated here in a number of districts against Secretaries of State and Democratic state parties. Should plaintiff proceed in a similar fashion in the District of South Dakota, this Court will not shy away from imposing a filing bar against plaintiff or sanctions or both.

## ORDER

Now, therefore,

IT IS ORDERED:

1. Plaintiff's complaint, Doc. 8, is dismissed with prejudice.

Dated this __18th__ day of March, 2019.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge